*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0113**

In re: Guardianship and Conservatorship of Adeline V. Dorosh

**Filed January 9, 2017
Affirmed
Hooten, Judge**

Todd County District Court
File No. 77-PR-13-226

Erick G. Kaardal, Mohrman, Kaardal & Erickson, P.A., Minneapolis, Minnesota (for appellant Deanna Dorosh)

Joseph Krueger, Brown & Krueger, P.A., Long Prairie, Minnesota (for Pamela Dorosh-Walther and Daryl Dorosh)

Thomas P. Klecker, Thornton, Reif, Dolan, Bowen & Klecker, P.A., Alexandria, Minnesota (for Payee Central Diversified, Inc.)

Timothy M. Churchwell, Peters & Churchwell, P.A., Long Prairie, Minnesota (for Adeline V. Dorosh)

Considered and decided by Larkin, Presiding Judge; Hooten, Judge; and Jesson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

On appeal from the district court's approval of the annual accounts of a ward, appellant, the ward's daughter, argues that (1) the district court abused its discretion in denying her discovery; and (2) her due process rights were violated because the district

court failed to provide the required notice and a hearing on the second annual account. We affirm.

## FACTS

In May 2013, after a dispute between appellant Deanna Dorosh and other family members regarding who should direct the care of appellant's mother, Adeline V. Dorosh (the ward), respondent Payee Central Diversified, Inc. (PCDI), was appointed by the district court as the guardian and conservator of the ward. Appellant challenged the district court's order appointing PCDI as a guardian and conservator, and this court affirmed. *In re Guardianship of Dorosh*, A13-2181 (Minn. Aug. 18, 2014).

On July 25, 2014, PCDI filed its first annual account, covering a one-year period ending on June 10, 2014. Appellant filed written objections to the first annual account and requested a continuance for the establishment of a discovery scheduling order and an evidentiary hearing.

After a hearing on appellant's objections, the district court issued an order directing PCDI to provide to all parties and file with the court certain information regarding the first annual account. In its order, the district court stated that it would approve the account within 30 days after PCDI's compliance, absent renewed objections. In addition to making several more objections, appellant renewed her original objections and requested a discovery scheduling order and an evidentiary hearing. PCDI subsequently filed the second annual account, which covered a one year period ending on June 10, 2015, and an amended first annual account. At a review hearing, appellant's counsel raised concerns regarding both the first and second annual accounts. The district court subsequently filed

2

an order approving both the first and the second annual accounts and denying appellant's request for additional discovery and for an evidentiary hearing. This appeal followed.

## D E C I S I O N

### I.

Appellant argues that the district court abused its discretion by denying her request for additional discovery. We disagree.

Appellant argues that discovery was necessary to ascertain what happened to certain property belonging to the ward, focusing on an amount of cash allegedly missing from a safety deposit box belonging to the ward. In her written objections, appellant objected to the fact that the first annual account did not reflect $92,000 in cash kept in the ward's safety deposit box and specifically labeled for the ward's disabled son. In its order requiring PCDI to provide more information, the district court directed PCDI to provide "a brief explanation of the whereabouts of the contents of the safe deposit box 'specifically kept and labeled for [the ward's disabled son].'"

In its response to the district court's order, PCDI indicated that no cash was found in the ward's safety deposit box other than a Canadian $10 bill. PCDI stated that a subpoena was issued to the bank in order to gain access to the records regarding the ward's safety deposit box and that the records revealed that the box was accessed in April 2014. While the bank's records indicate that the ward accessed the box, the ward was residing at a care center and was not absent from the care center on the date that the box was accessed. Appellant contends that the district court abused its discretion in not permitting her to conduct discovery to "expose the imposter and determine what had been taken."

3

A conservator is required to file reports with the district court annually, unless certain specified events occur or the district court directs otherwise. Minn. Stat. § 524.5-420 (2016). "A report must state or contain a listing of the assets of the estate under the conservator's control and a listing of the receipts, disbursements, and distributions during the reporting period." *Id.* (b). The district court must "establish a system for monitoring of conservatorships, including the filing and review of conservators' reports and plans." *Id.* (h). If the conservator fails to file an annual account "within 60 days of the required date, the [district] court shall issue an order to show cause." *Id.*

It is clear that appellant had the right to object to PCDI's annual accounting. Minnesota law provides that "[a] protected person or an interested person of record with the court may submit to the court a written statement disputing account statements regarding the administration of the estate." *Id.* (e). A child of the ward is included in the definition of "interested person" provided by Minn. Stat. § 524.1-201(33) (2016). Furthermore, appellant had the right to request additional discovery or an evidentiary hearing, as Minn. Stat. § 524.5-420(e) also provides that an interested party "may petition the court for any order that is in the best interests of the protected person and the estate or for other appropriate relief." The district court has discretion to direct investigation into the account:

> The court may appoint a visitor to review a report or plan, interview the protected person or conservator, and make any other investigation the court directs. In connection with a report, the court may order a conservator to submit the assets of the estate to an appropriate examination to be made in a manner the court directs.

4

Minn. Stat. § 524.5-420(g). Therefore, the issue is whether the district court abused its discretion in failing to order additional discovery or take other action in response to appellant's objections.

We conclude that the district court did not abuse its discretion by denying appellant's request for additional discovery and an evidentiary hearing. First, we note that PCDI was required to, and did, file an inventory of the estate with the district court.[1] Appellant did not object to the inventory and only asserted that the inventory did not reflect the $92,000 allegedly in the safety deposit box over a year and a half later, in her objections to the first annual account. Because appellant failed to object to the inventory, she arguably waived her objection regarding the $92,000.

But, even if we assume that appellant did not waive her objection, we would conclude that the district court did not abuse its discretion. Appellant presented no affidavit or other evidence indicating that the safety deposit box at one time contained $92,000 in cash. The district court clearly considered the lack of evidence regarding the $92,000 in its order denying appellant's request for additional discovery, as it stated that "[w]hile it is clear that [the ward] did not access the safety deposit box, there is no evidence that the box in fact contained the $92,000 which [appellant] claims it did. If it did, no one is aware of that fact other than [appellant]." As acknowledged by the district court, despite the

---

[1] Minn. Stat. § 524.5-419(a) (2016) provides that "[w]ithin 60 days after appointment, a conservator shall prepare and file with the appointing court a detailed inventory of the estate subject to the conservatorship, together with an oath or affirmation that the inventory is believed to be complete and accurate as far as information permits."

5

unauthorized access to the box, the record is devoid of any evidence that the box ever contained $92,000 in cash.

Moreover, the district court was aware of the considerable litigation that had already taken place with regard to the estate, including the fact that appellant had contested the appointment of PCDI as guardian and conservator. Additionally, at some point in 2014, PCDI sought a restraining order on behalf of the ward against appellant. Though the restraining order documents are not part of our record, appellant represented in her supplement to her written statement of objections that the restraining order trial was eventually continued for dismissal based on a settlement agreement between the parties. Given the district court's awareness of the extensive litigation that had already occurred in this case, along with the lack of evidence in support of appellant's claim that $92,000 was missing from the safety deposit box, we conclude that the district court did not abuse its discretion by denying appellant's request for additional discovery and an evidentiary hearing.

**II.**

Appellant argues that her due process rights were violated because she did not receive notice of a hearing for the adjudication of the second annual account. We disagree.

The United States and Minnesota Constitutions prohibit the government from depriving an individual of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1; Minn. Const. art. 1, § 7. "Due process is a fairness doctrine which requires that a person have notice and an opportunity to be heard." *In re Conservatorship of Edwards*, 390 N.W.2d 300, 304 (Minn. App. 1986). Appellate courts conduct a two-

6

step analysis in determining whether the government has violated an individual's procedural due process rights:

> First, [this court] must identify whether the government has deprived the individual of a protected life, liberty, or property interest. . . . [I]f the government's action deprives an individual of a protected interest, then the second step requires [this court] to determine whether the procedures followed by the government were constitutionally sufficient.

*Sawh v. City of Lino Lakes*, 823 N.W.2d 627, 632 (Minn. 2012) (alteration omitted) (quotation omitted). Minnesota law provides that "[a]n order, *after notice and hearing*, allowing an intermediate report of a conservator adjudicates liabilities concerning the matters adequately disclosed in the accounting." Minn. Stat. § 524.5-420(a) (emphasis added).

On August 18, 2015, the district court notified the parties of a review hearing scheduled for August 26. In the notice, the district court stated that the hearing would "be limited to items referenced in [its] order dated 4/13/15." In its April 13, 2015 order, the district court addressed the first two sets of appellant's objections regarding the first annual account and required PCDI to provide to the parties and file with the district court certain information regarding the account. On August 24, the district court notified the parties that the August 26 hearing was rescheduled to September 16. The notice provided simply that "[y]ou are expected to appear at the above time and place fully prepared." The amended first annual account was filed with the district court on August 4, 2015, and served on appellant on August 17. The second annual account was filed with the district court on August 6 and was served on appellant on August 18. Despite the fact that appellant did

not receive written notice that the September 16 hearing would include consideration of the second annual account, appellant's counsel addressed the second annual account at the hearing and raised objections regarding the second annual account, in addition to addressing concerns relating to the amended first annual account.

It is clear that appellant did not receive written notice that the September 16 hearing would specifically address the second annual account. However, all interests were represented at the September 16 hearing. Despite the district court's indication in the initial notice that the hearing would be limited to matters concerning the first annual account, appellant's counsel voiced his objections to the second annual account at the hearing. And, appellant does not argue that she was in any way prejudiced by the fact that the notice provided by the district court did not indicate that the hearing would include matters related to the second annual account. Indeed, such an argument would likely be meritless. The transcript seems to indicate that the district court initially anticipated that the hearing would only cover objections relating to the first annual account, but appellant's counsel expanded the scope of the hearing by voicing his objections to the second annual account. Under these circumstances, we conclude that appellant's due process argument is without merit.

Appellant argues that the district court did not directly address her arguments regarding the second annual account in its order approving both the first and the second annual accounts and did not order additional discovery. The principal objection regarding the second annual account voiced by appellant at the hearing addressed the fact that the second annual account listed expenses of over $50,000 in attorney fees. At the hearing, appellant's counsel stated that he "guess[ed]" the $50,000 in attorney's fees "was

8

principally spent on a Hennepin County District Court harassment restraining order against [appellant] . . . that ended up in a continuance for dismissal and ultimately a dismissal" and that he did not "think that was a good use of the ward's funds."

Although the district court did not specifically address appellant's objection regarding the second annual account, we conclude that the district court did not abuse its discretion in failing to order additional discovery and approving the annual accounts. During the September 16 hearing, appellant's counsel did not dispute the reasonableness of the hourly rate or the number of hours of services charged by the estate's attorneys for any specific service. The only objection voiced by appellant's counsel was limited to disputing the purpose for which a portion of the attorney fees were incurred, i.e., the petitioning by the estate for a harassment restraining order against appellant. Given the district court's knowledge of the protracted litigation between appellant and the other parties regarding the ward's modest estate, we conclude that the district court did not abuse its discretion in refusing appellant's request for additional discovery and approving the second annual account without specific discussion of its reasons for rejecting appellant's objections to the account.

Furthermore, to the extent that appellant had any objections to the second annual account that were not voiced at the September 16 hearing, we conclude that she waived the objections by failing to make written objections. At the September 16 hearing appellant's counsel voiced his intention to file written objections to the second annual account. Appellant's counsel stated, "And so—and then my proposal would be—and I could probably get this done by tomorrow—that we file the objections to the second annual

account, and consolidate the proceedings to make it easier on the [c]ourt and easier on the parties." Though appellant had previously filed multiple written statements objecting to the first annual account, no written objections were ever filed with regard to the second annual account. *See* Minn. Stat. § 524.5-420(e) ("[A]n interested person of record with the court may submit to the court a *written* statement disputing account statements . . . ." (emphasis added)). Because almost two months elapsed between the September 16 hearing and the filing of the district court's order approving the amended first annual account and the second annual account, appellant had sufficient opportunity to file written objections to the second annual account, but failed to do so. Therefore, to the extent that appellant had any objections to the second annual account that were not voiced at the September 16 hearing, they are waived.

**Affirmed.**

10